UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GRADY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:19-CV-1701 NCC ) |
| JAMES GADDY, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Michael Grady for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion. *See* 28 U.S.C. § 1915(b)(4). However, for the reasons discussed below, the Court will dismiss this case without prejudice. *See* 28 U.S.C. § 1915(e)(2).

### Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an application to proceed in district court without prepaying fees or costs stating that he has no income, no money in savings, and he owns no valuable property. ECF No. 2. Plaintiff has also filed two certifications from the Alton City Jail, where he is being held, stating that he has no money in his jail account. ECF Nos. 9 & 10. Based on this financial information, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be

considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

## The Complaint and Supplemental Filings

Plaintiff is a pretrial detainee being held at the Alton City Jail in Alton, Illinois.[1] Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against three defendants: (1) James Gaddy (Task Force Officer with the Drug Enforcement Agency ("DEA")), (2) Michael Reilly (Assistant United States Attorney), and (3) Dean Hoag (Assistant United States Attorney). Plaintiff's complaint does not specify in what capacity he brings his claims against Hoag; however, his claims against Gaddy and Reilly are brought in both their individual and official capacities.

Plaintiff's § 1983 claims here relate to a past criminal matter before this Court. On March 1, 2017, a grand jury in this district found probable cause to return an indictment against plaintiff and two other defendants for conspiracy to distribute, and possess with the intent to distribute, five kilograms or more of cocaine. *See U.S. v. Dillon et al.*, No. 4:17-CR-95-RWS (E.D. Mo. Mar. 1, 2017). Defendants Reilly and Hoag entered their appearances in that case on behalf of the United States Attorney's Office. At the time of the indictment, plaintiff was already in custody and being detained on a different criminal charge. *See U.S. v. Velazquez et al.*, No. 4:15-CR-404-HEA-NAB-29. On June 12, 2017, the Court granted the government leave

---

[1] Because plaintiff is being held in Illinois, he was unsure of where to file his § 1983 complaint. As a result, plaintiff filed a complaint in the U.S. District Court for the Southern District of Illinois making the same allegations. *Grady v. Gaddy*, No. 3:19-CV-486-JPG (S.D. Ill. May 8, 2019). The Southern District transferred that case to this Court on July 15, 2019. *See Grady v. Gaddy*, No. 4:19-CV-2012-NCC (E.D. Mo. May 8, 2019). On July 18, 2019, that case was dismissed as duplicative of this matter. *Id.* at ECF Nos. 12 & 13.

of court to dismiss the March 1, 2017, indictment against plaintiff without prejudice. *U.S. v. Dillon*, ECF No. 134.

Plaintiff argues that his pretrial confinement violated the Fourth Amendment. Plaintiff alleges that the grand jury's indictment against him in *U.S. v. Dillon* was based "exclusively on the government's false presentation and James Gaddy's false testimony to support a finding of probable cause." ECF No. 1 at 4. About a month after the indictment was returned, the government produced its discovery material to the defense and plaintiff claims that there was "absolutely no evidence whatsoever" that he had committed the crime charged. *Id.* Plaintiff asserts that none of the government's wiretaps or witnesses provided evidence against him. According to plaintiff, "he would never have been indicted, arrested, held in jail for months,[2] had it not been for the government's presentation to the grand jury of James Gaddy's knowing, deliberate, illegal and unconstitutional fabrication and exaggeration of evidence against him." *Id.* at 8.

Plaintiff claims that the actions of the prosecutors were "flagrant, willful or in bad faith." *Id.* at 5-6. According to plaintiff, defendants Reilly and Hoag are responsible as prosecutors for "all members on their investigative teams." *Id.* at 9. "Reilly had direct participation in the constitutional violation" because he was "deliberately indifferent and authorized Gaddy's acts," whereas "Hoag turned a 'blind eye.'" *Id.* Plaintiff alleges that emails produced in *U.S. v. Dillon* demonstrate that Reilly, Gaddy, and a DEA Intelligence Analyst colluded together "in unsavory acts of defiance." *Id.*

---

[2] Although irrelevant to the later discussion of plaintiff's legal claims in this case, the Court notes that plaintiff's assertions of unnecessary time in pretrial confinement are meritless. Plaintiff was being detained on separate criminal charges when the grand jury indictment was returned in *U.S. v. Dillon* and even now, with the dismissal of that indictment against him, plaintiff is still being detained on those separate charges. *See U.S. v. Velazquez et al.*, No. 4:15-CR-404-HEA-NAB-29.

Since the filing of the original complaint in this matter, plaintiff filed three memorandums that the Court construes as supplements to the complaint. *See* ECF Nos. 5-7. In these supplements, plaintiff basically recites the same allegations made in the complaint. However, in one of them, plaintiff does allege that his company has suffered injury as a result of defendants' actions. ECF No. 5 at 3. Also, in another, plaintiff hand-copies portions of the grand jury transcript and then argues that testimony before the grand jury was not compatible with the government's evidence. ECF No. 6. Finally, plaintiff submitted a "Memorandum of Law to Support his Claim," in which he cites to legal authority which he argues supports his Fourth Amendment claim, including: *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (holding valid federal cause of action exists under the Fourth Amendment for damages resulting from injuries by federal agents); *Franks v. Delaware*, 438 U.S. 154 (1978) (holding criminal defendant entitled to Fourth Amendment hearing where he made substantial showing that a false statement knowingly, intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit and that allegedly false statement was necessary to the finding of probable cause); and *Williams v. City of Alexander, Ark.*, 772 F.3d 1307 (8th Cir. 2014) (affirming denial of qualified immunity to police chief where plaintiff alleged he included false information and intentionally omitted facts from warrant affidavit). ECF No. 7. Plaintiff also requests the appointment of counsel (ECF No. 3) and seeks the incorporation of attachments as exhibits to his complaint (ECF Nos. 8 & 11).[3]

---

[3] In plaintiff's first motion (ECF No. 8), he seeks to include two attachments as exhibits: (1) the order from the Southern District Court of Illinois transferring its duplicative case here (marked as Exhibit A) and (2) filings submitted by one of plaintiff's co-defendants in the *U.S. v. Dillon* case, arguing prosecutorial misconduct on the part of Michael Reilly (marked as Exhibit B). ECF Nos. 8-1 & 8-2. Plaintiff's request to include these exhibits will be granted; however, they do not change the Court's evaluation of plaintiff's claims.

In his second motion (ECF No. 11), plaintiff seeks the inclusion of "material emails and notes from affidavit for warrants." However, plaintiff does not include copies of those emails or notes. Instead he includes hand-written copies of portions of those items. Such copies are incomplete and lack authentication. Plaintiff's motion will be denied; however, the Court notes that the inclusion of such items would not change the immunity analysis and dismissal of this case.

Plaintiff states that he has suffered no physical injuries "other than lower back from sleeping on a steel cot." ECF No. 1 at 4. For relief, plaintiff wants the Court to find that defendants violated his "right to be free from unreasonable seizure by arresting and detaining him without arguable probable cause, based on fabricated evidence." *Id.* at 10. Although plaintiff mentions injury to his company, he does not specifically request money damages.

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A claim under *Bivens*, 403 U.S. 388 (1971), involves the same analysis as one arising under 42 U.S.C. § 1983, but a *Bivens* action is brought against federal officials as opposed to state officials. *See Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

The Fourth Amendment to the Constitution protects "personal privacy and dignity against unwarranted intrusion by the State." *Schmerber v. California*, 384 U.S. 757, 767 (1966). It prohibits violation of the right of the people to be secure "in their persons, houses, papers, and effects" and "against unreasonable searches and seizures," and it provides that no warrants shall issue except upon probable cause. U.S. CONST. AMEND. 4.

Plaintiff alleges that defendant James Gaddy, a Task Force Officer with the DEA, deliberately gave false testimony before the grand jury so that the grand jury would return an indictment against plaintiff. Such allegations do not state a valid claim under § 1983. In *Rehberg v. Paulk*, the Supreme Court held "that grand jury witnesses should enjoy the same

Plaintiff states that he has suffered no physical injuries "other than lower back from sleeping on a steel cot." ECF No. 1 at 4. For relief, plaintiff wants the Court to find that defendants violated his "right to be free from unreasonable seizure by arresting and detaining him without arguable probable cause, based on fabricated evidence." *Id.* at 10. Although plaintiff mentions injury to his company, he does not specifically request money damages.

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A claim under *Bivens*, 403 U.S. 388 (1971), involves the same analysis as one arising under 42 U.S.C. § 1983, but a *Bivens* action is brought against federal officials as opposed to state officials. *See Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

The Fourth Amendment to the Constitution protects "personal privacy and dignity against unwarranted intrusion by the State." *Schmerber v. California*, 384 U.S. 757, 767 (1966). It prohibits violation of the right of the people to be secure "in their persons, houses, papers, and effects" and "against unreasonable searches and seizures," and it provides that no warrants shall issue except upon probable cause. U.S. CONST. AMEND. 4.

Plaintiff alleges that defendant James Gaddy, a Task Force Officer with the DEA, deliberately gave false testimony before the grand jury so that the grand jury would return an indictment against plaintiff. Such allegations do not state a valid claim under § 1983. In *Rehberg v. Paulk*, the Supreme Court held "that grand jury witnesses should enjoy the same

immunity as witnesses at trial, ... mean[ing] that a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony." 566 U.S. 356, 369 (2012). The Court also clarified that a plaintiff cannot get around this immunity by arguing that a grand jury witness conspired to present false testimony. *Id.* Because Gaddy has absolute immunity from any § 1983 claim based on his grand jury testimony, plaintiff's allegations against Gaddy fail to state a claim upon which relief may be granted and will be dismissed.

Plaintiff also names prosecuting attorneys Michael Reilly and Dean Hoag as defendants, and claims that they committed wrongdoing while prosecuting him. Absolute immunity also protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged. *See Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution) (*abrogated on other grounds*); *see also Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"). Plaintiff's claims against Reilly and Hoag are legally frivolous.

Because all of the defendants named by plaintiff in his complaint are immune from suit here, this case will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees and costs [ECF No. 2] is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to any of the defendants because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both. Plaintiff's claims against defendants James Gaddy, Michael Reilly, and Dean Hoag are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion to incorporate attachments as exhibits [ECF No. 8] is **GRANTED**.

**IT IS FINALLY ORDERED** that plaintiff's motion to incorporate hand-written emails and notes as exhibits [ECF No. 11] is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of September, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE