# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GRADY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:19-CV-1701 NCC |
| JAMES GADDY, et al., | ) ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on *pro se* plaintiff's "Motion Requesting Additional Time to File His Motion to Alter or Amend Judgment and Granting Leave to Attach and Incorporate Critical Discovery Material." ECF No. 18. The Court dismissed this matter on September 18, 2019. ECF No. 13. The Court previously granted plaintiff's request for an extension until October 18, 2019, to file a motion to alter or amend judgment. ECF No. 17. Plaintiff now requests an extension until October 28, 2019, to file his motion in order to "perfect and authenticate his claim." ECF No. 18 at 5. In his motion that is now before the Court, plaintiff argues the legal merits of his case and requests that the Court grant him leave to attach and incorporate critical discovery material that is currently under "this Court's Protect Orders." *Id.* at 2.

The Court will grant plaintiff the additional ten days to file his motion to alter or amend, but no further extensions will be allowed. To the extent that plaintiff argues the legal merits of altering or amending the judgment in his motion for an extension of time, the motion is denied. The Court warns plaintiff that he must include all of his legal arguments for amendment of the

judgment in his motion requesting such relief. Any legal arguments regarding amending judgment made in his motion for an extension of time, will not be considered.

Furthermore, plaintiff requests leave to provide the Court with discovery material. Plaintiff does not clarify, but presumably this discovery is from his past criminal matter which is the foundation for the § 1983 claims made in this case. *See U.S. v. Dillon et al.*, No. 4:17-CR-95-RWS (E.D. Mo. Mar. 1, 2017) (Plaintiff is one of three defendants charged with conspiracy to distribute, and possess with the intent to distribute, five kilograms or more of cocaine; however, the indictment against plaintiff in this matter was dismissed on June 12, 2017.).[1] From what the Court can infer, plaintiff is asking the Court's permission to include these documents because they fall under a protective order entered in the prior case. Plaintiff does not explain what is contained in these discovery materials or how these materials are relevant to this case. Plaintiff simply states that the discovery materials are "proof of [his] claims that there was a lack of probable cause to indict, arrest, and detain him." ECF No. 18 at 4.

Importantly, the Court did not dismiss this matter based on the issue of probable cause. The Court dismissed plaintiff's § 1983 claims here, finding that all three defendants were protected by absolute immunity from suit as grand jury witnesses or in the role of criminal prosecutors. ECF No. 12. The Court fails to see how discovery materials from plaintiff's drug conspiracy case could influence the finding of absolute immunity granted to defendants here, and plaintiff makes no argument that it could. In his motion, plaintiff cites cases relating to the Fourth Amendment probable cause standard and qualified immunity. *See Manuel v. City of*

---

[1] When the indictment was returned against plaintiff in *U.S. v. Dillon et al.*, No. 4:17-CR-95-RWS (E.D. Mo. Mar. 1, 2017), plaintiff was already in custody on other criminal charges relating to the distribution and possession of controlled substances. *See U.S. v. Velazquez*, No. 4:15-CR-404-HEA-NAB-29 (E.D. Mo. Dec. 1, 2016).

*Joliet, Ill.*, 137 S. Ct. 911, 919 (2017) (holding plaintiff stated a Fourth Amendment claim when he sought relief for his pretrial detention); *Greenman v. Jessen*, 787 F.3d 882, 890 (8th Cir. 2015) (holding police officers and prosecutor entitled to qualified immunity protection from § 1983 claims); *New v. Denver*, 787 F.3d 895, 902 (8th Cir. 2015) (holding police officer is entitled to qualified immunity on Fourth Amendment claim); *Peterson v. City of Plymouth*, 60 F.3d 469, 477 (8th Cir. 1995) (holding one defendant police officer not entitled to qualified immunity because arrest warrant was not supported by probable cause). These cases do not relate to the absolute immunity finding that lead to the dismissal of this suit. Plaintiff seeks to argue the underlying legal merits of his case but he does not explain how any of the protected discovery material relates to the Court's absolute immunity finding.

In addition, based on a review of the Court's records, the Court notes that plaintiff still has charges pending against him in a separate criminal matter. *See U.S. v. Velazquez*, No. 4:15-CR-404-HEA (E.D. Mo. Aug. 26, 2015) (plaintiff was named in the fourth superseding indictment filed December 1, 2016). This thirty-four defendant, complex case has been pending since 2015. Plaintiff was not the only defendant named in both *U.S. v. Dillon* and *U.S. v. Velazquez*. The cases appear to be based on some of the same underlying facts. Given that the plaintiff has not clarified exactly what protected materials he seeks to file here; the Court is concerned about the danger of exposing information relevant to a pending matter. Therefore, for this reason as well, plaintiff's request to file protected discovery materials from a different case will be denied. Accordingly,

**IT IS HEREBY ORDERED** that *pro se* plaintiff Michael Grady's motion for an extension of time [ECF No. 18] is **GRANTED** only to the extent that plaintiff now has until

October 28, 2019, to file a motion to alter or amend judgment in this matter. All other requested relief is denied.

Dated this 28th day of October, 2019.

                                                     /s/ Noelle C. Collins
                                                   NOELLE C. COLLINS
                                                   UNITED STATES MAGISTRATE JUDGE