UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GRADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-1701 NCC |
| ) | |
| JAMES GADDY, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of *pro se* plaintiff Michael Grady to alter or amend the judgment dismissing this case that was entered on September 18, 2019. *See* ECF Nos. 12, 13. Plaintiff also seeks leave to attach an addendum to his motion to alter or amend. ECF No. 21. The Court will grant plaintiff leave to attach his addendum. However, having reviewed the arguments in plaintiff's motion and addendum, the Court finds no grounds for altering or amending its judgment. Plaintiff's motion to alter or amend will be denied.

### **Background**

Plaintiff is a pretrial detainee being held at the Alton City Jail in Alton, Illinois. Plaintiff brought this action under 42 U.S.C. § 1983, alleging violations of his civil rights against three defendants: (1) James Gaddy (Task Force Officer with the Drug Enforcement Agency ("DEA")), (2) Michael Reilly (Assistant United States Attorney), and (3) Dean Hoag (Assistant United States Attorney).

On March 1, 2017, a grand jury in this district found probable cause to return an indictment against plaintiff and two other defendants for conspiracy to distribute, and possess with the intent to distribute, five kilograms or more of cocaine. *See U.S. v. Dillon et al.*, No. 4:17-CR-95-RWS (E.D. Mo. Mar. 1, 2017). Plaintiff argues that his pretrial confinement in *U.S.*

*v. Dillon* violated the Fourth Amendment. According to plaintiff, the grand jury's indictment against him in that criminal matter was based "exclusively on the government's false presentation and James Gaddy's false testimony to support a finding of probable cause." ECF No. 1 at 4. Defendants Reilly and Hoag entered their appearances in that case on behalf of the United States Attorney's Office. At the time of the indictment, plaintiff was already in custody and being detained on a different criminal charge. *See U.S. v. Velazquez et al.*, No. 4:15-CR-404-HEA-NAB-29.[1] On June 12, 2017, the Court granted the government leave of court to dismiss the March 1, 2017, indictment against plaintiff without prejudice. *U.S. v. Dillon*, ECF No. 134.

Plaintiff's complaint in this matter was dismissed on September 18, 2019, under 28 U.S.C. § 1915(e)(2), after the Court found that defendants have absolute immunity against plaintiff's § 1983 claims. The Court held that Agent Gaddy was protected by absolute immunity from any claim based on his grand jury testimony, and prosecutors Reilly and Hoag were entitled to absolute immunity from plaintiff's claims which arise out of the initiation and prosecution of a criminal matter. ECF No. 12.

Plaintiff sought and was granted two extensions of time to file the instant motion "to alter or amend judgment entered on September 18, 2019." ECF No. 20. In his motion and addendum filed in support (ECF No. 21), plaintiff moves the Court for relief from judgment arguing that the Court erred in dismissing this matter.

---

[1] Although irrelevant to the later discussion of plaintiff's legal claims in this case, the Court notes that plaintiff's assertions of unnecessary time in pretrial confinement are meritless. Plaintiff was being detained on separate criminal charges when the grand jury indictment was returned in *U.S. v. Dillon* and even now, with the dismissal of that indictment against him, plaintiff is still being detained on those separate charges. *See U.S. v. Velazquez et al.*, No. 4:15-CR-404-HEA-NAB-29.

**Legal Standard**

Plaintiff cites no legal rule under which he brings his motion, but presumably – based on the title of the motion – he seeks relief under Federal Rule of Civil Procedure 59(e). Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. District courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

**Discussion**

In his motion to alter or amend, plaintiff argues that this case is controlled by the Fourth Amendment to the Constitution and its protection of "personal privacy and dignity against unwarranted intrusion by the State." *Schmerber v. California*, 384 U.S. 757, 767 (1966). The Court does not disagree – as stated in its dismissal order entered on September 18, 2019. *See* ECF No. 12 at 6. Plaintiff goes on to argue that "the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process," quoting the Supreme Court's decision in *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 920 (2017). Again, the Court does not disagree. However, plaintiff's motion then argues that "the Court's immunity analysis is misplaced," while discussing and citing cases on qualified immunity. ECF No. 20 at 7-10. In this case, the Court's dismissal was based on a finding of absolute immunity – not qualified immunity. The Court found that prosecutor defendants Reilly and Hoag were acting within their

prosecutorial duties as relates to plaintiff's § 1983 claims, and therefore were entitled to absolute immunity. Similarly, Agent Gaddy is entitled to absolute immunity protection in regards to his testimony before the grand jury. Plaintiff's motion to alter or amend points to no error of law or fact in the Court's judgment and as such, will be denied.

In the case of defendants Reilly and Hoag, prosecutors are absolutely immune from § 1983 liability for actions they undertake as prosecutors, when carrying out their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). However, absolute immunity may not apply when a prosecutor is engaging in other tasks. "[W]hen a prosecutor 'functions as an administrator rather than as an officer of the court' he is entitled only to qualified immunity." *Id.* (quoting *Imbler*, 424 U.S. at 431, n. 33). The Court looks at "functional" considerations in deciding whether a prosecutor was acting within his prosecutorial duties or engaging in other tasks, like investigative or administrative tasks. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009).

Here, plaintiff argues in his complaint that "the government had absolutely no evidence whatsoever" to support his indictment. ECF No. 1 at 4. Plaintiff's only statements in his complaint that pertain to defendants Reilly and Hoag are as follows:

> Michael Reilly and Dean Hoag alike are both responsible as prosecutors for all members on their investigative teams. Michael Reilly had direct participation in the constitutional violation of James Gaddy, whereas Dean Hoag turned a "blind eye." Michael Reilly [was] deliberately indifferent and authorized Gaddy's acts. There's a series of emails between Reilly, Gaddy, and Kim M. Pacana-Biesty, Intelligence Analyst, D.E.A. Chicago, that pre-dated the indictment on March 1, 2017. ... These emails, among numerous other documentation, clearly shows colluding together in unsavory acts of defiance.

*Id.* at 9. Plaintiff's filed some unauthenticated, hand-written copies of emails between Kim Pacana-Biesty and Agent Gaddy that discussed telephone call evidence against plaintiff. *See* ECF No. 11 at 3-6. Nothing in the transcribed emails indicates any "unsavory acts of defiance."

In one of the supplements filed by plaintiff, he describes Hoag as the prosecutor who elicited testimony from Agent Gaddy at the grand jury. *See* ECF No. 6 at 3. Plaintiff goes on to state:

> Dean Hoag and Michael Reilly [are] the representatives not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done ... Its ok for them to be hard on crime, but don't be hard on the Constitution.

ECF No. 6 at 6-7. In an additional supplement, plaintiff argues that the evidence presented to the grand jury by Reilly and Hoag was "false and misleading," while admitting that "the government does not have a duty to present exculpatory evidence." ECF No. 11 at 10-14.

Plaintiff's allegations against prosecutors Reilly and Hoag all involve their presentation of evidence to the grand jury. Such actions "were intimately associated with the judicial phase of the criminal process," and thus are entitled to absolute immunity protection. *Imbler*, 424 U.S. at 430; *see also Burns v. Reed*, 500 U.S. 478, 492 (1991) (finding prosecutor's "appearance in court in support of an application for a search warrant and the presentation of evidence at that hearing are protected by absolute immunity."). Plaintiff's claims against Reilly and Hoag are legally frivolous, and there has been no error of fact or law in the Court's prior dismissal of such claims.

As for defendant James Gaddy, a Task Force Officer with the DEA, plaintiff alleges that Gaddy provided "knowing, deliberate, illegal and unconstitutional fabrication and exaggeration

of evidence against him" to the grand jury, resulting in his indictment.[2] ECF No. 1 at 8. Again, as discussed by the Supreme Court in its "functional" analysis in *Rehberg v. Paulk*, 566 U.S. 356, 363-69 (2012), grand jury witnesses enjoy the same immunity as witnesses at trial – not qualified immunity, but absolute immunity from any § 1983 claim based on the witness' testimony. The Court also clarified in *Rehberg* that a plaintiff cannot get around this absolute immunity by arguing that a grand jury witness conspired to present false testimony. *Id.* Plaintiff points to no error of law or fact in the Court's finding that Agent Gaddy is protected by absolute immunity from plaintiff's claims based on his grand jury testimony. As a result, plaintiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to alter or amend the judgment [ECF No. 20] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to attach an addendum to his motion [ECF No. 21] is **GRANTED**.

Dated this 4th day of December, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that plaintiff also asserts in the addendum to his motion to alter or amend, that defendant Gaddy has made false accusations against him in a separate, ongoing criminal matter before this Court, *U.S. v. Velazquez et al.*, No. 4:15-CR-404-HEA-NAB-29. *See* ECF No. 21 at 2-3. Such accusations are not properly raised here but instead, in that ongoing criminal matter.