UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GRADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-1701 NCC |
| ) | |
| JAMES GADDY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the second post-judgment motion of self-represented plaintiff Michael Grady. ECF No. 26. The Court dismissed this civil action on September 18, 2019, under 28 U.S.C. § 1915(e)(2), after the Court found that defendants were protected by absolute immunity against plaintiff's 42 U.S.C. § 1983 claims. ECF Nos. 12-13. After being granted multiple extensions of time, plaintiff filed a motion to alter or amend the judgment on October 29, 2019. ECF No. 20. In an Order issued December 4, 2019, the Court found no grounds for altering or amending its judgment and denied plaintiff's motion. ECF No. 22. Plaintiff did not file an appeal of the dismissal. However, almost a year later, plaintiff filed the motion to set aside judgment, under Federal Rule of Civil Procedure 60(b), that is now before the Court. ECF No. 26. The motion will be denied for the reasons discussed below.

**Background**

Plaintiff filed this action under 42 U.S.C. § 1983, alleging violations of his civil rights against three defendants: (1) James Gaddy (Task Force Officer with the Drug Enforcement Agency ("DEA")), (2) Michael Reilly (Assistant United States Attorney), and (3) Dean Hoag (Assistant United States Attorney). These defendants were all involved in a criminal prosecution of plaintiff that was eventually dismissed by this Court. *See U.S. v. Dillon*, No. 4:17-CR-95-

RWS-3 (E.D. Mo. filed Mar. 1, 2017).  Plaintiff argues that his pretrial confinement in that criminal matter violated the Fourth Amendment.  According to plaintiff, the grand jury's indictment against him was based "exclusively on the government's false presentation and James Gaddy's false testimony to support a finding of probable cause."  ECF No. 1 at 4.  Defendants Reilly and Hoag entered their appearances in that case on behalf of the United States Attorney's Office.

After review under 28 U.S.C. § 1915(e)(2), the Court dismissed plaintiff's § 1983 complaint, on September 18, 2019, finding that defendants were protected by absolute immunity from plaintiff's claims.  On October 29, 2019, plaintiff moved the Court for relief from judgment, arguing that "the Court's immunity analysis is misplaced" and citing qualified immunity cases in support.  ECF No. 20 at 7-10.  The Court denied the motion, explaining that its dismissal was based on absolute immunity – not qualified immunity – and reiterated the appropriate application of absolute immunity to the facts of this case.  The Court found that plaintiff's motion to alter or amend pointed to no error of law or fact in the Court's judgment and denied it on December 4, 2020.  ECF No. 22.  Almost a year later, on November 9, 2020, plaintiff filed the second post-judgment motion for relief that is currently before the Court.  ECF No. 26.

**Discussion**

Plaintiff now seeks relief under Federal Rule of Civil Procedure 60(b), which provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). Furthermore, "[a] motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Plaintiff brings this motion under section (b)(6) of Rule 60. ECF No. 26 at 3. According to the Eighth Circuit, Rule 60(b)(6) relief is only available "where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Holmes v. United States*, 898 F.3d 785, 792 (8th Cir. 2018) (quoting *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)).

The Court will deny plaintiff's motion for relief from final judgment for multiple reasons. First, the motion was not brought within a reasonable time. The judgment dismissing this matter was issued on September 18, 2019. This motion was filed on November 9, 2020 – more than a year after entry of judgment. Plaintiff attempts to explain the delay in filing by stating that the criminal matter – which he was dismissed from – went to trial against his co-defendants in February 2020 and then the COVID-19 pandemic caused governmental shutdowns. Even assuming plaintiff's wait until after the February trial was reasonable, an additional nine-month delay post-trial was not reasonable.

Second, the Court finds that there are no extraordinary circumstances presented that would justify granting plaintiff relief. Plaintiff provides no evidence of exceptional circumstances that have denied him a full and fair opportunity to litigate his claim or that have prevented him from receiving adequate redress.

In his motion, plaintiff points to trial testimony of defendant James Gaddy from February 10, 2020, that plaintiff describes as "testifying audaciously admitting he knowing [sic] gave false and inaccurate information to the Grand Jury" regarding the return of indictment against plaintiff in the dismissed criminal matter. ECF No. 26 at 5 (citing ECF No. 26-1 at 27-31). The trial transcript seems to indicate the same testimony provided in deposition transcripts previously before the Court. Gaddy thought plaintiff was the "paralegal" involved in criminal matters but later realized that plaintiff was not involved and the charges were dropped. Apparently at trial, it was discussed that a "lawyer" was actually involved, not plaintiff who was known to law enforcement to be a paralegal. ECF No. 26 at 10. Again, this trial testimony provides no new evidence. It is essentially a repeat of the same evidence, just in a different format, that plaintiff previously presented to this Court in the form of deposition testimony.

As mentioned in the Court's prior Orders, at the time of the indictment in the criminal case complained about by plaintiff, plaintiff was already in custody and being detained on different criminal charges pending before this Court. *See U.S. v. Velazquez*, No. 4:15-CR-404-HEA-29 (E.D. Mo. filed Dec. 1, 2016). Plaintiff was arrested on December 2, 2016, in that case and denied release on bond. *Id.* at ECF No. 789. The Court subsequently denied multiple motions for revocation or amendment of his order of detention over the following years and plaintiff is currently still in custody awaiting a March 2021 trial date. *Id.* at ECF Nos. 802, 821, 1066, 2087, 2571, 2753, & 2891. The criminal charges that plaintiff complains about in this matter were filed on March 1, 2017 and dismissed against defendant on June 12, 2017. *U.S. v. Dillon*, No. 4:17-

CR-95-RWS-3, ECF Nos. 1 & 134 (E.D. Mo. filed Mar. 1, 2017).  As such, the charges that were eventually dismissed led to no additional detention for plaintiff.

Finally, plaintiff asks the Court to set aside the judgment in this matter and "sua sponte, recharacterize Plaintiff's complaint under 42 U.S.C. § 1983 into a 'Federal Question' under 28 U.S.C. § 1331, and make a finding whether 'the grand jury in [the criminal matter from which he was dismissed] relied exclusively on the Government's false and misleading presentation and agent James Gaddy's false and misleading testimony to support its finding and probable cause determination" against plaintiff.  ECF No. 26 at 10.  The Court will not do so.  Plaintiff filed this action on a 42 U.S.C. § 1983 form complaint.  There is no reason that the Court should recharacterize the complaint in a closed action.

The Court has carefully considered the instant motion and has determined that it will be denied.  First, the motion is untimely, as it was filed over a year after the dismissal of this case.  Even if it were timely, none of plaintiff's arguments amount to an adequate showing of exceptional circumstances to justify relief in this matter.  Also, plaintiff could have appealed the dismissal of the complaint but did not do so.  As a result, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to set aside judgment [ECF No. 26] is **DENIED**.

Dated this 16th day of February, 2021.

_John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE