UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-1701 NCC |
| | ) | |
| JAMES GADDY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court on self-represented plaintiff's third post-judgment motion for relief. ECF No. 28. Plaintiff now seeks relief under Federal Rule of Civil Procedure 60(b) from the Court's Order denying plaintiff's first motion for Rule 60(b) relief. Plaintiff's motion will be denied. Furthermore, plaintiff's repetitive filings criticizing the Court's rulings are an abuse of the judicial process. Future filings by plaintiff in this Court will be limited to appellate documents.

The Court dismissed this civil action on September 18, 2019, under 28 U.S.C. § 1915(e)(2), after the Court found that defendants were protected by absolute immunity against plaintiff's 42 U.S.C. § 1983 claims. ECF Nos. 12-13. After being granted multiple extensions of time, plaintiff filed a motion to alter or amend the judgment on October 29, 2019. ECF No. 20. In an Order issued December 4, 2019, the Court found no grounds for altering or amending its judgment and denied plaintiff's motion. ECF No. 22. Plaintiff did not file an appeal of the dismissal. However, almost a year later, plaintiff filed his first motion to set aside judgment, under Federal Rule of Civil Procedure 60(b). ECF No. 26. On February 16, 2021, the Court denied the motion, finding that it was untimely and that none of plaintiff's arguments amounted to an adequate showing of exceptional circumstances to justify Rule 60(b) relief. ECF No. 27.

Now pending before the Court is plaintiff's second Rule 60(b) motion seeking relief from the Court's order denying his first Rule 60(b) motion. ECF No. 28. According to the Eighth Circuit, Rule 60(b)(6) relief is only available "where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Holmes v. United States*, 898 F.3d 785, 792 (8th Cir. 2018) (quoting *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)). "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Plaintiff's second motion for Rule 60(b) relief raises the same arguments as his first motion. The Court will not reconsider the arguments for relief that have already been considered and denied. The Court finds that plaintiff's motion raises no grounds for granting relief under Rule 60(b) and it will be denied.

Finally, plaintiff has abused the judicial process of this Court and has wasted the Court's limited resources by filing many pages of repetitious and frivolous motions and letters. Since this case was dismissed almost eighteen months ago, plaintiff has filed six motions and three letters with the Court. Plaintiff labels the Court's opinions in this matter as "spurious," "disingenuous," "bias," "callous," and "a disgrace." ECF No. 28 at 3-4 & 7. Yet, plaintiff has not appealed the Court's final judgment to the appellate level. To prevent further wasting of this Court's resources, the Court will prohibit plaintiff from filing any future documents or motions in this closed case, except for a notice of appeal or appellate documents.

Accordingly,

2

**IT IS HEREBY ORDERED** that plaintiff's motion to alter or amend judgment [ECF No. 28] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff is prohibited from filing any future documents or motions in this closed case, except for a notice of appeal or appellate documents.

**IT IS FINALLY ORDERED** that the Clerk shall not accept any additional documents or motions filed by plaintiff in this closed action, except for a notice of appeal or appellate documents. If plaintiff files an additional document or motion, the Clerk shall return it to plaintiff.

Dated this 16th day of March, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE